**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

___

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:09-cr-20068-STA-cgc |
| ) | |
| JAMES BAKER, ) | |
| ) | |
| Defendant. ) | |

___

**ORDER DENYING DEFENDANT'S MOTION FOR IMMEDIATE DISMISSAL**
___

Before the Court is Defendant James Baker's 2255/Rule 3231 Motion for Immediate Dismissal of Prosecution Based on the District Court's Lack of Jurisdiction to Enforce a Judgment Against Petitioner as Petitioner Has Not Been Charged Nor Convicted of a Crime Against the United States Based on the Plain Language of the Statutory Text of 18 U.S.C. [sic] 922(g)(1) Recently Interpreted by United States Supreme Court in *Rehaif v. United States*, 588 U.S. [sic] (2019) filed on July 23, 2019. On December 7, 2011, a jury found Defendant guilty of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), one count of drug trafficking in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).

In the Motion before the Court, Defendant argues that the Court lacks jurisdiction due to a supposed defect in the indictment. According to Defendant, the indictment failed to allege all of the elements of the section 922(g)(1) offense, specifically that Defendant knew he had a prior

felony conviction at the time he illegally possessed the firearm as charged in the indictment.[1]
The Court finds that Defendant's argument is without merit. The Supreme Court has held that a defect in an indictment has no effect on a district court's subject-matter jurisdiction over the indicted offense. *United States v. Cotton*, 535 U.S. 625, 629 (2002) (overruling *Ex parte Bain*, 121 U.S. 1 (1887)). Therefore, Defendant's Motion for Immediate Dismissal is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 29, 2019

---

[1] The Court would note that in the course of his trial, Defendant stipulated to the fact that he had a prior felony conviction, and the Court instructed the jury that this fact was therefore proven beyond a reasonable doubt. *See* Jury Instructions 24 (ECF No. 216).